# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:17-cr-507-T-02AEP

HASAN PEARSON
_____/

## ORDER ON MOTION FOR REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)

Before the Court is Defendant Hasan Pearson's motion for reduction in sentence ("compassionate release") filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018 (Dkt. 527), the United States' response in opposition (Dkt. 529), and Defendant's reply (Dkt. 532). After reviewing the motion and submissions, the Court denies the motion for compassionate release without prejudice.

## Background

Mr. Pearson is serving a 300-month prison term for conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, and 100 grams or more of a fentanyl analog, resulting in death and serious bodily injury. Dkt. 364. He is incarcerated at Federal Correctional Institute Coleman - Medium in Florida, and his projected release is 2038.

Defendant has been asthmatic since childhood and he uses an inhaler, which he alleges "puts him at a heightened risk of contracting COVID-19, and possible death." Dkt. 532 at 3. He does not provide documentation showing his medical condition is either severe or substantially diminishes his ability to provide self-care in prison. *See United States v. Muhammad*, No. 8:15-cr-309-T-27AEP, 2020 WL 4548089, at *2 (M.D. Fla. Aug. 6, 2020) (denying compassionate release based on pandemic and assertion of chronic asthma without supporting documentation showing inability to provide self-care); *United States v. Dozier*, No. 8:06-cr-108-T-27TGW, 2020 WL 4750478, at *1 (M.D. Fla. Aug. 17, 2020) (denying compassionate release based on pandemic, and allegation of asthma and immunodeficiency).[1] Chronic asthma requiring use of an inhaler, without more, has been found insufficient to justify compassionate release because it is not an extraordinary and compelling reason as required by 18 U.S.C. § 3582(c)(1)(A) and the United States Sentencing Commission's policy statement in U.S.S.G. § 1B1.13. *United States v. Alexander*, No. 6:18-cr-124-Orl-37GJK, 2020 WL 4345326 (M.D. Fla July 29, 2020) (finding asthma not extraordinary and compelling reason because it was not "more severe" or not inadequately treated). While his good behavior in prison is commendable, rehabilitation alone will not suffice. 28 U.S.C.

---

[1] He does not allege any other conditions in his motion.

2

§ 994(t); *United States v. Feldman*, No. 8:14-cr-521-T-27AEP, 2020 WL 3799530, at *2 (M.D. Fla. July 7, 2020).

## Exhaustion of Administrative Remedies

One of two events must occur before a defendant may file a motion for compassionate release: (1) exhaust all administrative rights to appeal the Bureau of Prisons' failure to bring a motion for defendant; or (2) 30 days' lapse since receipt of the defendant's request by the warden of the defendant's facility. 18 U.S.C. § 3582(c)(1)(A). The defendant may file his motion upon the earlier of the two. *Id*. Although Mr. Pearson's motion and reply assert that 30 days passed without a response from the warden, he was mistaken, according to the prison records provided by the United States. Dkt. 529-3.[2] The warden responded within 30 days and Defendant did not thereafter exhaust his administrative remedies.[3]

---

[2] Defendant claims he submitted his motion to the warden on May 1, 2020. Within 30 days, the warden signed a response declining to reduce Defendant's sentence based on the present pandemic and advising him of his right to an administrative appeal. Dkt. 529-3 at 2 (response dated May 29, 2020). Defendant mailed the instant motion on June 4, 2020. Dkt. 527-1. On June 10, 2020, Defendant signed receipt of the warden's response. Dkt. 529-3 at 1.

[3] Some courts have held that the mere passage of 30 days, regardless of whether the warden has responded within that period, permits the defendant to file a motion. *See Dozier*, 2020 WL 4750478, at *1; *United States v. Rey-Durier*, No. 8:15-cr-97-T-27TGW, 2020 WL 4349941, at *1 (M.D. Fla. July 29, 2020) . This would seem to undermine the exhaustion of remedies provided for in the same subsection. Others have held if the warden has timely responded within 30 days, then exhaustion is required. *See Rodriguez-Begerano*, 2020 WL 3000737, at *2 (citing *United States v. Alejo,* No. CR 313-009-2, 2020 WL 969673, at *1 (S.D. Ga. Feb. 27, 2020)); *United States v. Eyerman*, No. 2:17-cr-134-FtM-29MRM, 2020 WL 2466189, at *3 (M.D. Fla. May 13, 2020); *United States v. Miller*, 2020 WL 113349, at *2 (D. Idaho Jan. 8, 2020) (noting that "[i]t seems odd that Congress would allow a defendant to short-circuit the [BOP]'s administrative procedures simply by waiting 30 days after filing his request, despite the warden timely acting on that request" and "lapse" in context means warden's failure to act for 30 days).

The exhaustion requirement is mandatory and not waivable. *United States v. Rodriguez-Begerano*, No. 8:12-cr-558-T-22AEP, 2020 WL 3000737, at *2 (M.D. Fla. June 4, 2020) (citing *Ross v. Blake*, 136 S. Ct. 1856–57 (2016)), *appeal docketed*, No. 20-12162 (11th Cir. June 15, 2020); *United States v. Winner*, No. CR 117-034, 2020 WL 2124594, at *1 (S.D. Ga. Apr. 24, 2020) (citing *Ross v. Blake*), *appeal docketed*, No. 20-11692 (11th Cir. May 4, 2020).[4] The Court is therefore without authority to grant relief. *United States v. Zywotko*, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) (holding court had no authority absent exhaustion of remedies to grant relief under § 3582(c)(1)(A)(i)); *United States v. Israel*, No. 95-00314, 2020 WL 3893987, at *8 (S.D. Fla. July 10, 2020) (citing cases holding no authority to consider release absent exhaustion).

## **Other Requirements**

Even if Mr. Pearson had exhausted his administrative remedies or the Court had the authority to waive exhaustion, he fails 1) to allege any extraordinary and compelling reason, 2) to satisfy the § 3553(a) factors, and 3) to demonstrate he is

---

[4] The Eleventh Circuit has not yet ruled on whether the exhaustion requirement of § 3582(c)(1)(A) is subject to waiver under the circumstances of the current pandemic. District courts in this district sometimes cite to a Third Circuit Court of Appeals case as authority for the unavailability of waiver. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *5 (M.D. Fla. May 15, 2020) (citing *Raia*); *United States v. Thomas*, No. 6:10-cr-35-Orl-28GJK, 2020 WL 4551531, at *2 (M.D. Fla. Aug. 6, 2020) (citing *Raia* and *Smith*).

not a danger to the community. He alleges "severe asthma" that requires him to "use an inhaler the rest of his life." Dkt. 527 at 15. Even though Defendant characterizes his asthma as severe, he admits he controls it with an inhaler. Treatable asthma by itself is not an extraordinary and compelling reason for release from prison. *Alexander*; *United States v. Smith*, No. 8:17-cr-412-T-36AAS, 2020 WL 2512883, at *7 (M.D. Fla. May 15, 2020) (finding asthma coupled with possibility of contracting virus, COVID 19, does not constitute extraordinary and compelling reason).

Additionally, the § 3553(a) factors weigh against his release. His above-guidelines 300-month prison sentence reflects the seriousness of the crime of trafficking in heroin, fentanyl, and fentanyl analogs, which resulted in deaths and bodily injury. At least three deaths and one bodily injury were attributed to the drugs trafficked by Defendant. Dkt. 496 at 32–36. (sentencing transcript). The sentencing judge varied upward from the advisory guideline range of 240 months to reflect the seriousness of this particular crime and to protect the public from the morbid consequences resulting from these narcotics. *Id*. This fact further weighs against a finding that he is not a danger to others or the community. 18 U.S.C. §

3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(2) (release denied unless defendant is not a danger to the safety of any other person or the community).[5]

Accordingly, Defendant's motion (Dkt. 527) is denied without prejudice because Defendant has not exhausted all administrative remedies. Defendant may file a renewed motion once eligible under the terms of the statute.

**DONE AND ORDERED** at Tampa, Florida, on August 28, 2020.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

---

[5] To the extent Defendant requests he be placed on home confinement, this Court is without jurisdiction to grant this request. *See Smith*, 2020 WL 2512883, at *3.