[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-10750

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,

versus

HASAN PEARSON,
a.k.a. Julio,
a.k.a. Hoov,

                                            Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:17-cr-00507-WFJ-AEP-1

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

In 2018, Hasan Pearson pled guilty to conspiracy to distribute heroin, fentanyl, and fentanyl analogues, the use of which resulted in the deaths of at least three individuals and the serious bodily injury of another. For this conduct, the district court sentenced him to serve 300 months in prison.

In June 2020, approximately 19 months into his sentence, Pearson requested early release under 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018), alleging that he was at increased risk of becoming seriously ill from COVID-19 due to severe asthma and chronic obstructive pulmonary disease ("COPD").[1] He also

---

[1] Pearson also sought transfer to home confinement under § 602 of the First Step Act and § 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Section 602 of the First Step Act amended 18 U.S.C. § 3624 to direct the Bureau of Prisons to place low-risk and low-need prisoners on "home confinement for the maximum amount of time permitted" by the statute, while § 12003(b)(2) of the CARES Act expanded the maximum amount of time permitted for

Case 8:17-cr-00507-WFJ-AEP   Document 584   Filed 10/27/21   Page 3 of 8 PageID 3469
 USCA11 Case: 21-10750   Date Filed: 10/27/2021   Page: 3 of 6

21-10750               Opinion of the Court                3

highlighted his efforts towards rehabilitation while in prison and the commitment by a nonprofit organization to house and look after him should he be released from prison.

The district court denied early release for several reasons: (1) it concluded neither Pearson's medical conditions nor his rehabilitation efforts were "extraordinary and compelling" reasons within the meaning of § 3582(c)(1)(A) and U.S.S.G. § 1B1.13; (2) it also determined the 18 U.S.C. § 3553(a) factors weighed heavily against granting early release given "the appalling nature of the deadly underlying criminal activity, and the need to protect the public and show respect for the law"; and (3) it was "unable to conclude that Movant is not a danger to the community," as required by § 1B1.13.

On appeal, Pearson argues that U.S.S.G. § 1B1.13 doesn't apply and so the district court erred in denying his motion for failure to meet its requirements. He also claims the court erred in finding that his medical conditions were not grounds for early release, given the COVID-19 pandemic, and abused its discretion by failing to consider supervised release as an alternative.

---

home confinement during the COVID-19 national emergency. Pearson doesn't appear to raise this issue on appeal and has therefore abandoned it. In any case, the district court lacked the authority to grant him relief under these provisions because they place home-confinement decisions exclusively within the discretion of the Attorney General and the Bureau of Prisons.

Case 8:17-cr-00507-WFJ-AEP   Document 584   Filed 10/27/21   Page 4 of 8 PageID 3470
USCA11 Case: 21-10750   Date Filed: 10/27/2021   Page: 4 of 6

4                    Opinion of the Court                    21-10750

We review a district court's denial of a prisoner's § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). A district court retains a "range of choice," so long as it doesn't apply an incorrect legal standard, rely on clearly erroneous facts, or commit a clear error of judgment. *Id.* at 911–12.

Under § 3582(c)(1)(A), a district court may grant a defendant's motion for a sentence reduction, after considering the § 3553(a) factors, "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that a "reduction is consistent with applicable policy statements" in the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A)(i). We have held that § 1B1.3 is "applicable" to all motions under § 3582(c)(1)(A), and, accordingly, "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Section 1B1.13, in turn, requires the court to find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). *Bryant*, which came down after Pearson filed his brief in this case, forecloses his contention that § 1B1.13 and its requirements are not binding.

In this Circuit, therefore, a district court may not grant a sentence reduction under § 3582(c)(1)(A) unless it makes three findings: (1) an extraordinary and compelling reason exists; (2) the reduction is supported by the § 3553(a) factors; and (3) "doing so wouldn't endanger any person or the community within the

Case 8:17-cr-00507-WFJ-AEP   Document 584   Filed 10/27/21   Page 5 of 8 PageID 3471
USCA11 Case: 21-10750   Date Filed: 10/27/2021   Page: 5 of 6

21-10750               Opinion of the Court                5

meaning of § 1B1.13's policy statement." *United States v. Tinker*, __ F.4th __, No. 20-14474, 2021 WL 4434621, at *2 (11th Cir. Sept. 28, 2021); *see also United States v. Giron*, __ F.4th __, No. 20-14018, 2021 WL 4771621, at *2 (Oct. 13, 2021). "Because all three conditions . . . are necessary, the absence of even one would foreclose a sentence reduction." *Tinker*, 2021 WL 4434621, at *2.

In its January 28, 2021, order, the district court found against Pearson on each condition. First, it concluded that his medical conditions—asthma and COPD—were not extraordinary and compelling because they had been "under control to date" and didn't affect his ability to provide self-care in prison. It further noted that Pearson had so far avoided COVID-19 infection and that a vaccine would likely be available soon. Next, the court found that the § 3553(a) factors "weigh heavily against granting compassionate release, given the appalling nature of the deadly underlying criminal activity, and the need to protect the public and show respect for the law." It noted that Pearson still had "approximately 17 years to go" on his 300-month sentence, which was an upward variance imposed to account for the deaths of at least three individuals and the serious bodily injury of another caused by his trafficking of heroin and fentanyl. Finally, and for similar reasons, the court was "unable to conclude that Movant is not a danger to the community."

Because each condition is necessary, we need not decide whether Pearson presented extraordinary and compelling reasons for release or whether he posed a danger to the community. *See Tinker*, 2021 WL 4434621, at *2. Instead, we affirm the district

Case 8:17-cr-00507-WFJ-AEP   Document 584   Filed 10/27/21   Page 6 of 8 PageID 3472
USCA11 Case: 21-10750   Date Filed: 10/27/2021   Page: 6 of 6

6                        Opinion of the Court                     21-10750

court's finding that a reduction in his term of imprisonment was not supported by the § 3553(a) factors. *See id.*

Here, the district court did not abuse its discretion in concluding that a reduction was not supported by the § 3553(a) factors. As the district court noted, when it denied the motion Pearson still had "approximately 17 years to go" on a 300-month sentence, which was imposed by the original sentencing court in part to account for the severe consequences of his drug-trafficking activity. The district court reasonably concluded that granting early release in these circumstances, notwithstanding Pearson's steps toward rehabilitation, would undermine "the need to protect the public and show respect for the law." *See* 18 U.S.C. § 3553(a)(2). On this record, it was well within the court's range of choice to deny Pearson's request for early release from prison. *See Harris*, 989 F.3d at 911–12.

In sum, we affirm the denial of Pearson's request for early release under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 27, 2021

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-10750-JJ
Case Style: USA v. Hasan Pearson
District Court Docket No: 8:17-cr-00507-WFJ-AEP-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker,

JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion